PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 05, 2001
THOMAS K. KAHN
CLERK

_____

No. 97-2277

_____

D. C. Docket No. 95-30585-CV-RV

HAVOCO OF AMERICA, LTD.,

                                        Plaintiff-Appellant,

        versus

ELMER C. HILL,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 5, 2001)**

Before BIRCH and DUBINA, Circuit Judges, and SMITH*, District Judge.

_____
*Honorable C. Lynwood Smith, U.S. District Judge for the Northern District of Alabama, sitting
by designation.

BIRCH, Circuit Judge:

In Havoco of Am., Ltd. v. Hill, 197 F.3d 1135 (11th Cir. 1999), we certified

the following question to the Supreme Court of Florida:

> Does Article X, Section 4 of the Florida Constitution exempt a Florida
> homestead, where the debtor acquired the homestead using non-exempt
> funds with the specific intent of hindering, delaying, or defrauding
> creditors in violation of Fla. Stat. § 726.105 or Fla. Stat. §§ 222.29 and
> 222.30?

Id. at 1144.  After a thorough review of the question, the Supreme Court of Florida

issued the following opinion:

> [W]e conclude that we must answer the certified question in the
> affirmative.  The transfer of nonexempt assets into an exempt homestead
> with the intent to hinder, delay, or defraud creditors is not one of the
> three exceptions to the homestead exemption provided in article X,
> section 4.  Nor can we reasonably extend our equitable lien jurisprudence
> to except such conduct from the exemption's protection.  We have
> invoked equitable principles to reach beyond the literal language of the
> excepts only where funds obtained through fraud or egregious conduct
> were used to invest in, purchase, or improve the homestead.

Havoco of Am., Ltd. v. Hill, __ So.2d __ (Fla. June 21, 2001).

Accordingly, we AFFIRM the district court's holding that Hill's purchase of

a home with non-exempt funds, made with the intent to hinder creditors, does not

overcome the Florida homestead exception.